**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AKRON EDUCATION ASSOCIATION, et al., | ) ) | CASE NO. 5:13CV44 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| AKRON CITY SCHOOL DISTRICT | ) | **MEMORANDUM OPINION** |
| BOARD OF EDUCATION, et al., | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |

## I. INTRODUCTION

Before the Court is plaintiffs' motion to remand (Doc. No. 12), which, in its original form, also seeks costs and actual expenses, including attorney fees incurred as a result of the removal. After the matter was fully briefed (*see* defendants' response as supplemented, Doc. Nos. 13, 14; plaintiff's reply, Doc. No. 16), on April 2, 2013, the Court conducted a telephone conference to inquire whether the parties would have any interest in attempting to resolve the matter of fees and costs without judicial intervention. The telephone conference was reconvened on April 8, 2013, at which time plaintiffs' counsel advised that plaintiffs wish to withdraw their request for fees and costs. All counsel also advised the Court that they are in agreement, as are their clients, that there is no federal claim set forth in the complaint. Accordingly, for the reasons set forth herein, the motion to remand is **GRANTED**. The Clerk is directed to term the motion to the extent it seeks an award of costs and actual expenses, including attorney fees.

## II. BACKGROUND

On December 12, 2012, plaintiffs Akron Education Association ("AEA") and Joseph Wojcik ("Wojcik") (collectively, "plaintiffs") filed in the Summit County Court of Common Pleas an action against Akron City School District Board of Education ("the Board"), Superintendent David James ("James"), Board Vice President Jason Haas ("Haas"), and three John Does identified as co-conspirators with the named defendants (collectively, "defendants"). The complaint alleged breach of contract, tortious interference, civil conspiracy, defamation, and breach of contract/wrongful discharge.

Plaintiffs' claims arise out of the employment relationship between plaintiffs and defendants. AEA is the exclusive bargaining representative for non-administrative professional employees in the Akron City School District. (Compl. ¶ 2.) Wojcik is a full-time classroom teacher certified under the laws of the State of Ohio and employed by the Board for twenty (20) years. (*Id*. ¶ 3.) Wojcik was also employed by the Board as a basketball coach under the terms of a series of annual supplemental contracts for twenty-three (23) years, ending with the 2010-11 school year. (*Id*.) He was the head basketball coach at Firestone High School at all relevant times. (*Id*.) Wojcik is a third-party beneficiary of the contracts between AEA and the Board. (*Id*. ¶ 9.) These contracts provide for an orderly grievance process. (*Id*. ¶ 12.)

The gravamen of plaintiffs' complaint is that the relevant contracts were breached with respect to the terms of Wojcik's employment, that he was improperly removed from his position as head basketball coach, and that the Board wrongfully rejected an arbitration award in his favor.

On January 8, 2013, defendants removed the action from state court to this federal court, relying upon the following language:

2

Under applicable Ohio Law and the totality of circumstances herein, Wojcik's employment with the Board could only be terminated for good and just cause. The Board lacked any sufficient cause to justify the termination of Wojcik's employment as Coach. *Moreover, Wojcik has been deprived of his employment as Coach without being afforded his constitutional and/or statutory due process rights.*

(Compl. ¶ 57, emphasis added.)

### III. ANALYSIS

**A.      Jurisdiction**

Federal law governs when a civil case brought in state court may be removed to federal court and when the district court must remand an action to state court. *See* 28 U.S.C. §§ 1441, 1447(c). Under the removal statutes, an action may be removed only when the plaintiff could have filed suit in federal court in the first place. 28 U.S.C. § 1441. The party seeking removal has the burden of demonstrating that the Court has jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). If removal was improper because "the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Here, defendants removed on the basis of 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

This case is quite similar to *Warthman v. Genoa Twp. Bd. of Trs.*, No. 2:07-CV-860, 2007 WL 4190771 (S.D. Ohio Nov. 20, 2007), *rev'd on other grounds*, 549 F.3d 1055 (6th Cir. 2008).[1] There, removal to the district court was based upon plaintiff's reference in her complaint to federal law, a reference very similar to the one herein: "[p]ursuant to *the Due*

---

[1] The court of appeals in *Warthman* did not have before it the question of whether the district court's remand order had been appropriate, since remand orders are typically not subject to appeal. Rather, the court was examining whether the district court had applied the correct legal standard in denying plaintiff's costs and fees incurred due to the improper removal. The court concluded that "the district court did not apply the correct legal standard[,]" 549 F.3d at 1061, and remanded for a determination of whether removal had been "objectively reasonable."

*Process Clause of the Fourteenth Amendment to the United States Constitution* and Article I Section 16 of the Ohio Constitution, [Warthman] was entitled to a name clearing hearing." 2007 WL 4190771, at \*1 (quoting ¶ 25 of the complaint) (emphasis added). The township board removed the action on the basis of 28 U.S.C. § 1331. The district court remanded, concluding "that the complaint, fairly read, invoke[d] only claims under state law." *Id*. at \*2.[2] On appeal, the Sixth Circuit agreed, concluding that "[a] reference to the U.S. Constitution in a complaint should be read in the context of the entire complaint to fairly ascertain whether the reference states a federal cause of action or . . . simply supports an element of a state claim." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1064 (6th Cir. 2008) (citing *Merrell Dow Pharm.*, *supra*).

The same is true in the instant case. As defendants now recognize, in light of clarifications made in the briefs and during telephone conferences, plaintiffs' claims are state law claims. Plaintiff is seeking to enforce not a constitutional right but, rather, contractual rights under Ohio law. *See Long v. Bando Mfg. of Am.*, 201 F.3d 754, 759-60 (6th Cir. 2000) (holding that where a complaint states an alternate basis in state law upon which the underlying state-law claim can be resolved, there is no substantial federal question to support federal subject matter jurisdiction pursuant to the "arising under" language of 28 U.S.C. § 1331)[3] (relied upon by

---

[2] The district court in *Warthman* also denied an award of costs and fees to the plaintiff and this denial was appealed. The court of appeals remanded because the district court had applied an incorrect legal standard. *See Warthman*, 549 F.3d 1055 (6th Cir. 2008). Although the district court abused its discretion by applying the wrong standard, the court of appeals commented that the remand did "not mean that Warthman necessarily should receive a fee award." *Id*. at 1061 (citing *Martin*, 546 U.S. at 141). She would have to first establish that defendant's removal "was not objectively reasonable." *Id*. Therefore, defendants here are incorrect in their response brief when they state that the court of appeals had "award[ed] the plaintiffs removal related costs[.]" (Doc. No. 13 at 130.) The decision on appeal in *Warthman* is discussed more fully in Section B, *infra*.

[3] A complaint "arises under" federal law for purposes of § 1331 if it: "(1) states a federal cause of action; (2) includes state-law claims that necessarily depend on a substantial and disputed federal issue; (3) raises state-law claims that are completely preempted by federal law; or (4) artfully pleads state-law claims that amount to federal-

4

*Warthman*, 549 F.3d at 1061-62, to find subject matter jurisdiction lacking in Count One of the complaint).

The Court concludes that, despite the mention of due process in ¶ 57, the complaint alleges only state law claims relating to Wojcik's employment relationship with defendants. All parties have now also expressed their agreement that the language of ¶ 57 did not create a federal cause of action. Therefore, the Court lacks subject matter jurisdiction and the case must be remanded to the state court.

**B.      Costs and Attorney-Fee Awards Upon Remand**

During the telephone conference conducted on April 8, 2013, plaintiffs' counsel advised that plaintiffs are withdrawing this portion of their motion. Therefore, the Court need not consider this issue.

Accordingly, the Clerk is directed to term this portion of the motion as having been withdrawn.

## IV. CONCLUSION

For the reasons set forth above, plaintiffs' motion to remand (Doc. No. 12) is **GRANTED**.

**IT IS SO ORDERED**.

Dated: April 9, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

law claims in disguise." *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 630 (6th Cir. 2010) (citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir.2007) (en banc)).